2014 JUL 28 A 9: 56


# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 70203-3-I |
| | ) | |
| Respondent/Cross Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH R. BURNETT, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant/Cross Respondent. | ) | FILED: July 28, 2014 |
| | ) | |

VERELLEN, A.C.J. — Kenneth Burnett pleaded guilty to one count of possession of a controlled substance, heroin, under RCW 69.50.401. As a result, the trial court imposed a $1,000 fine under RCW 69.50.430 (VUCSA fine) at sentencing. Burnett appeals, arguing that the fine should be waived due to his indigency. The State cross appeals, arguing that the trial court should have imposed a $2,000 VUCSA fine because there is no finding of indigency and this is Burnett's second VUCSA conviction. Because it is unclear from the record whether the court found Burnett indigent and entitled to a suspension or deferral of the fine, we remand to the trial court.

## DISCUSSION

Burnett argues that the trial court erred in imposing the $1,000 VUCSA fine because there was evidence that he was indigent and the fine may be waived if the trial

court finds the defendant is indigent.[1]  The State argues that the trial court erred in not imposing a $2,000 VUCSA fine because there was no specific finding that Burnett is indigent and this is his second VUCSA conviction.  Because it is unclear whether the trial court intended to find Burnett indigent and suspend or defer the VUCSA fine, we remand for further proceedings.

RCW 69.50.430 states that:

> (1) Every person convicted of a felony violation of RCW 69.50.401 through 69.50.4013, 69.50.4015, 69.50.402, 69.50.403, 69.50.406, 69.50.407, 69.50.410, or 69.50.415 shall be fined one thousand dollars in addition to any other fine or penalty imposed. Unless the court finds the person to be indigent, this additional fine shall not be suspended or deferred by the court.

> (2) On a second or subsequent conviction for violation of any of the laws listed in subsection (1) of this section, the person shall be fined two thousand dollars in addition to any other fine or penalty imposed. Unless the court finds the person to be indigent, this additional fine shall not be suspended or deferred by the court.

Imposition of this fine is mandatory unless the trial court finds the defendant indigent.[2]

At sentencing, the State requested a $2,000 VUCSA fine, based upon Burnett's prior conviction for possession of cocaine.  Burnett's attorney asked the court to find Burnett indigent and not impose the VUCSA fine because, although Burnett "has had some work history in the past[, h]e has not been employed for some time."[3]  He also explained to the court that Burnett was presently unemployed and "would not be able to

---

[1] Additionally, Burnett argues that the trial court's boilerplate finding that he had the ability to pay was not supported by the record.  But because RCW 69.50.430 requires a finding of indigency, not the ability to pay, this boilerplate finding alone does not support the trial court's imposition of the fine.

[2] State v. Mayer, 120 Wn. App. 720, 726, 86 P.3d 217 (2004).

[3] Report of Proceedings (RP) (Mar. 26. 2013) at 3.

take advantage of work release."[4] In its oral ruling, the trial court stated, "I will reduce the drug fine from $2,000 to $1,000. But since trafficking was involved here, I think it's appropriate there be a fine, at least a partial fine, for that trafficking activity."[5]

The trial court did not make a specific finding that Burnett was indigent, and it is unclear whether or not it intended to do so. On the one hand, the trial court did not check the box on the judgment and sentence stating that the VUCSA fine was deferred due to indigency, the judgment and sentence includes only a boilerplate finding that Burnett has the present or future ability to pay legal financial obligations, and, by imposing the $1,000 fine, the trial court may be implying that Burnett has some ability to pay. On the other hand, defense counsel presented evidence of indigency, the trial court did reduce the fine, Burnett was represented by a public defender at trial and, less than two weeks after the judgment and sentence were entered, the same judge authorized Burnett to seek review at public expense due to his indigency.

Burnett argues that the trial court made an implicit finding that he was indigent for purposes of the VUCSA fine. But that is not clear based upon the record. The trial court specifically stated that it was "reduc[ing]" the fine, not suspending or deferring the fine, as would be appropriate based on the language of the statute after a finding of indigency.[6] Because the trial court's language fails to track the language of the statute, we do not agree that there was an implicit finding of indigency.

Given Burnett's criminal history, a $2,000 VUCSA fine is required unless the trial court has suspended or deferred the fine based upon a finding of indigency. Therefore,

---

[4] Id. at 2.

[5] Id. at 4.

[6] It appears the statute allows suspension or deferral but not a partial reduction.

3

we remand to the trial court to clarify whether or not Burnett is indigent and, if indigent, to articulate whether or not the fine should be suspended or deferred.

We remand for further proceedings consistent with this opinion.[7]

WE CONCUR:

---

[7] We note that, in the event that Burnett has completed his incarceration upon resentencing, the trial court's determination of indigency should focus on Burnett's then-current indigency, not his indigency at the original sentencing hearing.